## COMMONWEALTH *ex. rel.* TAYLOR *against* HASSON.

A citizen of *Maryland*, having by deed, manumitted his slave of sixteen years of age, "from and after the day on which he shall arrive to the age of twenty-eight years," and by the same instrument sold and transferred his servitude to a citizen of *Pennsylvania*, it was held, that such slave so manumitted, was bound to serve in *Pennsylvania*, until he arrived at the age of twenty-eight years.

ERROR to *Cumberland* county.

The *Commonwealth ex relatione James Taylor, against James Hassen. Homine replegiando.*

*James Owens*, a citizen of the state of *Maryland*, being the owner of a slave named *James Taylor*, the relator, executed the following deed:

"To all whom it may concern, be it known, that I *Jonas Owens*, of *Cecil* county, in the State of *Maryland*, for divers good causes and considerations, me thereunto moving, and also in consideration of the sum of five hundred dollars current money, to me in hand paid, have released from slavery, liberated, manumitted, and set free, and by these presents release from slavery, manumit and set free, my negro boy *William Taylor*, aged sixteen years, the 22nd October, last past, my negro girl named *Harriet Wilson*, aged 11 years, the third September, last past, and able to work and gain a sufficient livelihood and maintenance; and him, the said negro boy, *William Taylor*, and her, the said negro girl, named *Harriet Wilson*, I do declare to be free, manumitted and discharged from all manner of servitude or service, to me, my heirs, executors, administrators or assigns, from and after the day on which they shall respectively arrive to the age of twenty-eight years. And whereas, the unexpired time or term of service of the aforesaid negros *William Taylor* and *Harriet Wilson*, have this day been by me sold to *James Hasson*, of *Cumberland* county, in the state of *Pennsylvania*. Therefore, know all men by these presents, that I the said *Jonas Owens*, for and in consideration of the sum of five hundred dollars, current money to me in hand paid, before the sealing and delivery hereof, the receipt whereof, is hereby acknowledged, have granted bargained and sold, and by these presents do grant bargain and sell unto the said *James Hasson* the aforesaid negro boy, called *William Taylor*, and the aforesaid negro girl, called *Harriet Wilson*, until they shall have respectively arrived at the age of twenty-eight years. To have and to hold the said *William Taylor* and *Harriet Wilson* for and during the time aforesaid, that is to say, from the day of the date hereof, until they shall respectively arrive at the age of twenty-eight years, unto him the said *James Hasson*, his heirs and assigns, and to and for no other use intent and purpose, whatsoever. In witness whereof, the said *Jonas Owens* hath

(Commonwealth *v.* Hasson.)

hereunto subscribed his name, and affixed his seal, this seventh day of May, A. D. 1828."

*James Hasson,* the defendant, brought *Taylor* into *Pennsylvania;* and by virtue of the deed of manumission and transfer claimed to have his services until he arrived at the age of twenty-eight years.   Whether *Taylor* could be thus held in *Pennsylvania,* was the question upon which the court below (*Reed,* President,) delivered the following opinion:

By the Court.

It is supposed the case of *Scott* v. *Waugh,* 15 *Serg. & Rawle,* 17, settles a principle, by which this case may be decided.   If *Taylor* was not a *slave* in *Maryland,* but *quasi* a servant for years, there is no law to prohibit his being held in the same condition in *Pennsylvania.*   If he had been bound by indenture to an apprenticeship in *Maryland,* he could not have been held here, unless the indenture provided for it, 6 *Binn.* 202. That case however arises from the nature of the contract, under which the service was claimed, but in this case, the service is not claimed; under any special contract, but under a general principle.   Slaves manumitted with a portion of service reserved, is valid. *Scott* v. *Waugh.*   The transfer was not against the right and interest of *Taylor* but in favor of both; for after twenty-eight years of age he becomes free.   As *Owens* had an interest in the service of *Taylor,* by the general principle of our laws, and under the constitution; and as the transportation of *slaves* only is prohibited, and he was not a slave, the same general principles of law, and the provisions of the constitution would justify a sale of such services, and if the interest and right of the person sold were not injured, but advanced, such sale would be valid.

Judgment for the defendant.

*F. Watts* and *Williamson* for plaintiff in error.

*Carothers,* for the defendant in error.

Jugdment affirmed.